LTG

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

      - against -

GLEN HOLLAND,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

C O M P L A I N T

(18 U.S.C. § 922(g) and 2250)

19mj648

EASTERN DISTRICT OF NEW YORK, SS:

      DANIEL M. FANDREY, being duly sworn, deposes and states that he is a Task Force Officer with the Federal Bureau of Investigation, duly appointed according to law and acting as such.

      On or about and between June 14, 2019 and the present, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant GLEN HOLLAND, an individual required, by virtue of a conviction under Federal law, to register under the Sex Offender Registration and Notification Act, did knowingly fail to update a registration as required by the Sex Offender Registration and Notification Act.

      (Title 18, United States Code, Section 2250(a)(2)(A)).

      On or about July 16, 2019, within the Eastern District of New York, the defendant GLEN HOLLAND knowingly and intentionally possessed ammunition, to wit, a box of .22 caliber ammunition, having previously been convicted of a felony, to wit; possession of child pornography in violation of Title 18, United States Code, Section 2252.

      (Title 18, United States Code, Section 922(g)).

The source of your deponent's information and the grounds for his belief are as follows:[1]

1.      I am a Task Force Officer with the Federal Bureau of Investigation ("USMS").   One of my responsibilities is to investigate crimes involving individuals that are convicted sex offenders who have failed to register or update the registry as required by 18 United States Code 2250, also known as the Adam Walsh Child Protection and Safety Act of 2006 (the "Walsh Act").   I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file, including the defendant's criminal history record; and from reports of other law enforcement officers involved in the investigation.

## STATUTORY AUTHORITY

3.      This investigation concerns alleged violations of Title 18, United States Code, Section 2250 – certain activities relating to failing to register or update the registry under the Sex Offender Registration and Notification Act.   In relevant part, 18 U.S.C. § 2250 states:

(a) Whoever--

> (1) is required to register under the Sex Offender Registration and Notification Act;
>
> (2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law...and

---

[1]      Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

(3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;

shall be fined under this title or imprisoned not more than 10 years, or both.

4.    Section 113 of the Walsh Act defines who is required to register under the Act:

(A) In General – A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student.   For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence. . . .

(2) Keeping Registration Current - A sex offender shall, not later than 3 business days after each change of name, residence, employment or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. . . .

5.    Section 111 of the Walsh Act defines "Sex Offender" as:

(1) Sex Offender – The term "sex offender" means an individual who was convicted of a sex offense.

The Act further defines "sex offense" as including:

(5) (A) . . . the term "sex offense" means B . . . (iii) a Federal offense (including an offense prosecuted under section 1152 or 1153 of title 18, United States Code) under section 1591, or chapter 109A, 110 (other than section 2257, 2257A, or 2258), or 117, of title 18, United States Code; . . .

## STATEMENT OF FACTS

6.    On December 15, 1995, the defendant was convicted of possession of child pornography, pursuant to 18 U.S.C. § 2255(a)(2) a felony and sentenced to 4 months incarceration.   While on supervised release, the defendant was required to register as a sex offender and did so.   Thereafter, in 1998, while on supervised release, the defendant again possessed child pornography, admitted to a violation of supervised release, and was

sentenced to an additional 24 incarceration.   Since his release in approximately 2000, the defendant was living at a location in Oyster Bay with his mother and registered that address with the Nassau County Police Department as required.

7.   On June 14, 2019, the defendant was ordered by a Family Court Judge to vacate the Oyster Bay premises.   Thereafter, the defendant GLEN HOLLAND left the Oyster Bay premises and failed to report to the Nassau County Police Department where he was residing, and, to date, failed to provide an updated address to the Nassau County Police Department as required.

8.   On July 16, 2019, the owner of the Oyster Bay premises provided consent to search the premises and a box of .22 caliber was found in plain view in the defendant GLEN HOLLAND's bedroom.

WHEREFORE, your deponent respectfully requests that the defendant GLEN HOLLAND, be dealt with according to law.

DANIEL M. FANDREY
Task Force Officer
Federal Bureau of Investigation

Sworn to before me this
17th day of July, 2019

/s/ Anne Y. Shields

THE HONORABLE ANNE Y. SHIELDS
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK